778 P.2d 1283

**The STATE of Arizona, Appellee,**

v.

**Michael Jon WAITKUS, Appellant.**

**No. 2 CA–CR 88–0473.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 10, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Mark E. Dwyer, Phoenix, for appellee.

Edward H. Laber, Tucson, for appellant.

## OPINION

FERNANDEZ, Chief Judge.

The sole issue in this case is the propriety of the trial court's finding that, although appellant received ineffective assistance of counsel, he failed to demonstrate sufficient prejudice requiring a new trial.

On the night of June 21, 1987, appellant broke into the house trailer of his ex-wife and attacked her boyfriend with a crowbar. Appellant was indicted on charges of aggravated assault and first-degree burglary, and the case was first set for trial on November 3, 1987. On appellant's counsel's motion, the trial was continued until

December 17. At a November 30 status conference, defense counsel advised the court that she had a possible trial conflict. On December 16, defense counsel requested a trial continuance, claiming trial preparation problems and inadequate pretrial investigation. The court denied the continuance. On the day of trial the court denied another motion for continuance.

After a two-day trial, the jury found appellant guilty of simple assault and first-degree burglary. He was sentenced to the presumptive term of 10½ years on the burglary charge and six months in the county jail on the assault charge.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate 1) that his counsel's actions fell below objective standards of reasonableness *and* 2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Nash*, 143 Ariz. 392, 694 P.2d 222, *cert. denied*, 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985). The trial court found that counsel performed competently at trial but that she failed to prepare adequately for trial. Thus, appellant satisfied the first prong of the test.

■ The issue then is the correctness of the court's finding that appellant did not meet his burden of showing that counsel's lack of preparation prejudiced him. In determining whether there has been prejudice, the United States Supreme Court held in *Strickland* that:

> [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. In *State v. Lee*, 142 Ariz. 210, 214, 689 P.2d 153, 157 (1984), the Arizona Supreme Court elaborated on the burden of proof for showing prejudice by defining "reasonable probability" as "less than 'more likely than not' but more than a mere possibility." In sum, a defendant's burden in general, and appellant's burden in this case, is more rigorous than a "mere possibility" but less strenuous than the preponderance of the evidence/more likely than not standard applicable to the first prong of the test. *Id.*

Appellant presented evidence from a psychologist who had tested him. She testified that at the time the crimes were committed, he was incapable of understanding the nature and quality of his acts. On cross-examination she testified that he probably could not distinguish right from wrong at the time, and on redirect she testified that it was possible he could not distinguish right from wrong. Appellant also showed that his counsel had a heavy load of cases (45 to 50), with several that were set for trial at the same time this case went to trial. Defense counsel testified that appellant had told her he had fallen and hit his head the day before he committed the crimes and that he had experienced migraine headaches for a number of years. The court thus concluded that counsel was deficient in not investigating the possibility of raising an insanity or impulsivity defense.

Appellant consulted four to six times with trial counsel prior to trial but did not appear for trial and was tried in absentia. The allegation of prior conviction was dismissed prior to trial, and the jury found appellant guilty of the lesser-included offense of assault rather than the aggravated assault charge on which he was indicted.

The court determined that appellant had not shown a "reasonable likelihood" that the neglected mental defenses would have altered the jury's verdict. The court found that the trial performance of appellant's counsel was "quite competent." It also found that this case was not the type in which a sanity defense would succeed, noting that appellant's crime was not irrational and that he has no previous psychiatric history. The court also noted that the psychologist's opinion on appellant's ability to determine right from wrong wavered and that she also focused on the effect of appellant's alcohol consumption on his loss of

control at the time of the crimes. Finally, the court noted the strength of the state's case as evidenced by the deteriorating relationship between appellant and his ex-wife and appellant's preparation for the execution of the crimes.

 It is apparent that the court considered appellant's contentions. The court's findings are fully supported by the record. We accord great deference to the trial court's finding of lack of prejudice in ineffective assistance of counsel cases. *See State v. Gerlaugh,* 144 Ariz. 449, 698 P.2d 694 (1985). We agree with the court that appellant did not meet his burden of showing that there was a reasonable likelihood that the jury would have acquitted him.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.